S

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

UNITED STATES OF AMERICA : CRIMINAL NO.
: 5:15-CR- 35- M T T
    **v.** :
:
(1) JAMES MAXWELL, aka "SONNY SPOON," : VIOLATION:
(2) IRA CHRISTOPHER JACKSON, :
(3) FREDERICK CARTER, : 21 U.S.C. § 846 i/c/w
(4) ALEJANDRO SOLORIO, : 21 U.S.C. § 841(a)(1)
(5) RICHARD HARVEY, : 21 U.S.C. § 841(b)(1)(A)(ii)
(6) CYRON NORMAN, : 21 U.S.C. § 841(b)(1)(B)(ii)
(7) ROME OWENS, : 21 U.S.C. § 841(b)(1)(B)(vii)
(8) SHUKREE SIMMONS, : 21 U.S.C. § 841(b)(1)(C)
(9) BERNARD ENGRAM, : 21 U.S.C. § 841(b)(1)(D)
(10) JERIMEE PARKER, : 18 U.S.C. § 924(c)(1)(A)(i)
(11) JOSEPH PIERRE BROWN, : 18 U.S.C. § 1956(a)
(12) MICHAEL THOMPSON, : 18 U.S.C. § 1956(a)(1)(B)(i)
(13) DONZELL HUDSON, : 18 U.S.C. § 1956(h)
(14) BRIONI JOHNSON, : 18 U.S.C. § 2
(15) CHANCELLOR LUCEAR, : 21 U.S.C § 853
(16) ALFRED BROWN, : 18 U.S.C. § 982
(17) ADRIAN GREEN, : 21 U.S.C. § 2461(c)
(18) JAMES FAULKES, : 18 U.S.C. § 924(d)(1)
(19) MAURICE PEARSON, :
(20) VONTRAY JOHNSON, :
(21) RODERICK PAUL, :
(22) WILLIAM STORY, : **UNDER SEAL**
(23) KENNA MIDDLETON, :
(24) SHANNA LEWIS, : United States Courts
(25) AARON HALL, : Southern District of Texas
(26) TYREE WALKER, : FILED
(27) CHRISTOPHER DARKINS, : *February 24, 2016*
(28) WILLIAM SHAMONE LEWIS, :
(29) KELLY TIMMS, : David J. Bradley, Clerk of Court
(30) CAMERON KELLEY, :
(31) JARVIS SMITH, : **H 16-266M**

### THE GRAND JURY CHARGES:

## COUNT ONE
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA

1

That from on or about January 1, 2012, to on or about October 31, 2014, the exact dates being unknown, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(4) ALEJANDRO SOLORIO,**
**(5) RICHARD HARVEY,**
**(6) CYRON NORMAN,**
**(7) ROME OWENS,**
**(8) SHUKREE SIMMONS,**
**(9) BERNARD ENGRAM,**
**(10) JERIMEE PARKER,**
**(11) JOSEPH PIERRE BROWN,**
**(12) MICHAEL THOMPSON,**
**(14) BRIONI JOHNSON,**
**(15) CHANCELLOR LUCEAR,**
**(16) ALFRED BROWN,**
**(17) ADRIAN GREEN,**
**(18) JAMES FAULKES,**
**(19) MAURICE PEARSON,**
**(20) VONTRAY JOHNSON,**
**(21) RODERICK PAUL,**
**(22) WILIAM STORY,**
**(23) KENNA MIDDLETON,**
**(24) SHANNA LEWIS,**
**(25) AARON HALL,**
**(26) TYREE WALKER,**
**(27) CHRISTOPHER DARKINS,**
**(28) WILLIAM SHAMONE LEWIS,**
**(29) KELLY TIMMS,**
**(30) CAMERON KELLEY,**
**and**
**(31) JARVIS SMITH**

did conspire with each other and with others, both known and unknown to the Grand Jury, to unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: more than 100 kilograms of marijuana, all in

violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

## COUNT TWO
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

That from on or about January 1, 2012, to on or about October 31, 2014, the exact dates being unknown, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(9) BERNARD ENGRAM,**
**(13) DONZELL HUDSON,**
**and**
**(30) CAMERON KELLEY,**

did conspire with each other and with others, both known and unknown to the Grand Jury, to unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule II controlled substance, to-wit: more than 5 kilograms of cocaine; all in violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and Title 18 United States Code, Section 2.

## COUNT THREE
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

**(9) BERNARD ENGRAM**

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United

States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FOUR
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (24) SHANNA LEWIS

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FIVE
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (24) SHANNA LEWIS,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

1. One Taurus Millennium, 40 caliber, semi-automatic handgun, serial number SC030522, and

2. One Cobra model F5, 380 caliber, semi-automatic handgun, serial number FS016670,

4

in furtherance of the offenses alleged in Counts 1 and 4, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT SIX
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (23) KENNA MIDDLETON

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT SEVEN
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (23) KENNA MIDDLETON,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

1. One Cobra Model F5, 380 caliber, semi-automatic handgun, serial number FS046953, and

2. One Zastava Serbia, Model PAP, M92PV, 5.56/.223 caliber pistol, serial number M85-NP002780,

5

in furtherance of the offenses alleged in Counts 1 and 6, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT EIGHT
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (10) JERIMEE PARKER

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT NINE
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (12) MICHAEL THOMPSON

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT TEN
### POSSESSION OF FIREARMS IN FURTHERANCE
### OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (12) MICHAEL THOMPSON,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

One Colt, .45 caliber, semi-automatic handgun, serial number FG71288,

in furtherance of the offenses alleged in Counts 1 and 9, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

### COUNT ELEVEN
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (17) ADRIAN GREEN

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

### COUNT TWELVE
### POSSESSION OF FIREARMS IN FURTHERANCE
### OF A DRUG TRAFFICKING OFFENSE

That on or about November 3, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (17) ADRIAN GREEN,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

One Smith and Wesson .38 caliber, semi-automatic revolver, serial number 4049594,

in furtherance of the offenses alleged in Counts 1 and 11, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN
## MONEY LAUNDERING

On or about October 12, 2014, in the Macon Division of the Middle District of Georgia,

### (1) JAMES MAXWELL, aka "SONNY SPOON,"

did knowingly conduct financial transactions, that is, the attempted delivery and transfer of monetary instruments which were the proceeds of specified unlawful activity, that is the distribution and sale of cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1), knowing that said transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transactions, the defendants knew that the monetary instruments were the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOURTEEN
## MONEY LAUNDERING CONSPIRACY TO CONCEAL AND DISGUISE
## NATURE, LOCATION, OWNERSHIP, AND CONTROL OF PROCEEDS OF
## SPECIFIED UNLAWFUL ACTIVITY

From on or about January 1, 2012 to on or about October 31, 2014, the exact dates being unknown, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(5) RICHARD HARVEY,**
**(6) CYRON NORMAN,**
**(22) WILIAM STORY,**
**and**
**(23) KENNA MIDDLETON,**

did knowingly combine, conspire, confederate, and agree together and with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841, and 846, knowing that the transactions were designed in whole or in part to conceal and to disguise the nature, locations, source, ownership, and control the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**MANNER AND MEANS**

In furtherance of this conspiracy and to effect and to accomplish its object, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy were involved in narcotics trafficking whereby narcotics were shipped in the

9

mail system from Houston, Texas, and Northern California to Macon, Georgia, and other areas within the Middle District of Georgia.

2.     The conspirators used the financial system to launder large amounts of U.S. Currency obtained from the specified unlawful activity. Conspirators in Georgia deposited drug proceeds into accounts in bank branches located in Georgia with the account holders rapidly withdrawing the deposited cash from bank branches in Houston, Texas and Northern California.

3.     In addition to the interstate funneling of illicit cash proceeds through bank accounts, the conspirators transported or attempted to transport cash from the specified unlawful activity by commercial aircraft or vehicles from Georgia to Houston, Texas, and Northern California.

In violation of Title 18, United States Code, Section 1956(h).

## GENERAL FORFEITURE NOTICE AS TO ALL DEFENDANTS
### (21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982,
### and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.   The allegations contained in Counts One through Fourteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and/or Title 18, United States Code, Section 982(a)(1), in conjunction with Title 28, United States Code. Section 2461(c).

2.   Upon conviction of any of the offense(s) contained in Counts One through Fourteen of this Indictment, including Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) set forth in Count Two; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) set forth in Counts Three, Four, Six, Eight, Nine, and Eleven; Title 18, United States Code, Sections 924(c)(1)(A) and 924(a)(2) set forth in Counts Five, Seven, Ten, and Twelve; Title 18, United States Code, Sections 1956(a)(1)(B)(i) set forth in Count Thirteen; and/or Title 18, United States Code, Section 1956(h) set forth in Count Fourteen of the Indictment the defendant(s),

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(4) ALEJANDRO SOLORIO,**
**(5) RICHARD HARVEY,**
**(6) CYRON NORMAN,**
**(7) ROME OWENS,**
**(8) SHUKREE SIMMONS,**
**(9) BERNARD ENGRAM,**

**(10) JERIMEE PARKER,**
**(11) JOSEPH PIERRE BROWN,**
**(12) MICHAEL THOMPSON,**
**(13) DONZELL HUDSON,**
**(14) BRIONI JOHNSON,**
**(15) CHANCELLOR LUCEAR,**
**(16) ALFRED BROWN,**
**(17) ADRIAN GREEN,**
**(18) JAMES FAULKES,**
**(19) MAURICE PEARSON,**
**(20) VONTRAY JOHNSON,**
**(21) RODERICK PAUL,**
**(22) WILIAM STORY,**
**(23) KENNA MIDDLETON,**
**(24) SHANNA LEWIS,**
**(25) AARON HALL,**
**(26) TYREE WALKER,**
**(27) CHRISTOPHER DARKINS,**
**(28) WILLIAM SHAMONE LEWIS,**
**(29) KELLY TIMMS,**
**(30) CAMERON KELLEY,**
**and**
**(31) JARVIS SMITH**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); any firearms and ammunition involved in the commission of the offense(s), pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon exercise of due diligence;

(b)     has been transferred, sold to or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 924(d)(1), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

## DETAILED FORFEITURE NOTICE AS TO
## (1) JAMES MAXWELL, aka "SONNY SPOON"
(21 U.S.C. § 853, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.     The allegations contained in Counts One, Two, Thirteen, and Fourteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, and/or Title 18, United States Code, Section 982(a)(1).

2.     Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846,

i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(ii) set forth in Count Two; Title 18, United States Code, Section 1956(a)(1)(B)(i) set forth in Count Thirteen; and/or Title 18, United States Code, Section 1956(h) set forth in Count Fourteen of this Indictment, the defendant,

## (1) JAMES MAXWELL, aka "SONNY SPOON,"

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The specific property to be forfeited includes, but is not limited to, the following: i.) $184,980.00 in United States funds; ii.) one (1) 18K Rolex Oyster Perpetual Datejust Mens Watch; iii.) one (1) 1998 Chevrolet G1500 Sportvan, VIN: 1GBFG15R1W1048276; and iv.) one (1) 2003 Mercedes Benz SL500, VIN: WDBSK75F43F059884.

     3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

## DETAILED FORFEITURE NOTICE AS TO (2) IRA CHRISTOPHER JACKSON
(21 U.S.C. § 853, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.      The allegations contained in Counts One, Two, and Fourteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, and/or Title 18, United States Code, Section 982(a)(1).

2.      Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(ii) set forth in Count Two; and/or Title 18, United States Code, Section 1956(h) set forth in Count Fourteen of this Indictment, the defendant,

### (2) IRA CHRISTOPHER JACKSON,

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly

and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The specific property to be forfeited includes, but is not limited to, the following: i.) one (1) 2005 Bentley Continental, GT Coupe, VIN: SCBCR63W65C028139; ii.) one (1) 18K Rolex Oyster Perpetual Day Date II President Mens Watch with one extra link, Serial Number: Z0106257; and iii.) one (1) Mens 18K Johnny Dang Miami Cuban Chain Bracelet with .475 round diamonds.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred, sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

## DETAILED FORFEITURE NOTICE AS TO (4) ALEJANDRO SOLORIO
### (21 U.S.C. § 853 – Criminal Forfeiture)

1.     The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.     Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One of this Indictment, the defendant,

### (4) ALEJANDRO SOLORIO,

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s). The specific property to be forfeited includes, but is not limited to, the following: $62,203.00 in United States funds.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon exercise of due diligence;

(b)     has been transferred, sold to or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided
        without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant
to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

## DETAILED FORFEITURE NOTICE AS TO (23) KENNA MIDDLETON
### (21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.     The allegations contained in Counts One, Six, Seven, and Fourteen of this
Indictment are hereby re-alleged and incorporated by reference into this Notice for the
purpose of alleging forfeitures to the United States of America, pursuant to the provisions
of Title 21, United States Code, Section 853, Title 18, United States Code, Section
924(d)(1), and/or Title 18, United States Code, Section 982(a)(1), in conjunction with
Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offense(s) in violation of Title 21, United States
Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and
841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections
841(a)(1), and 841(b)(1)(D) set forth in Count Six; Title 18, United States Code, Sections
924(c)(1)(A) and 924(a)(2) set forth in Count Seven; and/or Title 18, United States Code,
Section 1956(h) set forth in Count Fourteen of this Indictment, the defendant,

### (23) KENNA MIDDLETON,

shall forfeit to the United States of America pursuant to Title 21, United States Code,
Section 853, any property constituting, or derived from, any proceeds obtained, directly
and indirectly, as a result of such offense(s), and any property, real or personal, used, or

intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); any firearms and ammunition involved in the commission of the offense(s), pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The specific property to be forfeited includes, but is not limited to, the following: $44,936.00 in United States funds.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided
          without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 924(d)(1), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

S/

FOREPERSON OF THE GRAND JURY

PRESENTED BY:
MICHAEL J. MOORE
UNITED STATES ATTORNEY

CHARLES L. CALHOUN
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this*    *9th*    *day of*
*Sept 9*    *A.D. 20*   *15* .

*Deputy Clerk*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

United States of America
v.

CHRISTOPHER DARKINS
*Defendant*

)
)
)
)
)
)

Case No. 5:15-CR-00035-027
1.520 - 0911  1995  ⊃
F;24 9895405

2015 SEP 11 PM 6: 35
US MARSHALS SERVICE
MIDDLE GEORGIA

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     CHRISTOPHER DARKINS
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA

Date:     September 11, 2015

City and state:     Macon, Georgia

s/ Amy N. Stapleton
*Issuing officer's signature*

Amy N. Stapleton, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 09 · 11 · 15 , and the person was arrested on *(date)* 2-23-2016 at *(city and state)* Houstn TX . |
| Date: 2/23/2016 |

Arresting officer's signature

Leslie Ramin DUSM
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

## INDICTMENT COVER AND INFORMATION SHEET

SEALED ☒                    UNSEALED ☒

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NO.  5:15-CR-_35_-27** |
| | : |
| **v.** | : **COUNTY:** _____ |
| | : |
| **CHRISTOPHER DARKINS** | : **OCDETF: SE-GAM-145-Makon Money** |
| _____ | : |

Return Date:                               AUSA:  Charles Calhoun
Agency: DEA, USPO                          Agent:  Helen Graziadei, Travis Barnell

**OCDETF Case** ☒ **YES**  ☐ **NO**  **IF YES OCDETF CASE No.  SE-GAM 145 Makon Money**

A.      Clerk Issue:          Summons: ☐      Warrant ☒

> **NOTE: ISSUE ALL ORIGINAL ARREST WARRANTS TO U.S. MARSHAL, MDGA, ONLY. THE CLERK SHALL NOT ISSUE COPIES OF ARREST WARRANTS, WHETHER CERTIFIED OR NOT, TO ANY LAW ENFORCEMENT AGENCY. ANY LAW ENFORCEMENT AGENCY IN NEED OF COPIES SHALL OBTAIN THEM FROM THE U.S. MARSHAL'S OFFICE.**

B.      Warrant(s) to be executed by:

☒ U.S. Marshal          ☐Other  Specify:_____

Note:    All executed arrest warrants shall be returned to the U.S. Marshal.

C.      Information for arresting officer:

1. Are state or local charges pending on this defendant for the same offense charged in this indictment?

☐ Yes     ☐ No     ☒ Unknown

If yes, was defendant previously arrested on the state and local charges for the same offense?

☐ Yes     ☐ No     ☒ Unknown

If yes, is defendant still in custody?

☐ Yes     ☐ No     ☒Unknown

If yes, where is defendant incarcerated?